```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


DAVID G. TIBBETTS                                    CIVIL ACTION

v.                                                   NO. 21-2400

3M COMPANY, f/k/a MINNESOTA MINING                   SECTION "F"
AND MANUFACTURING COMPANY, ET AL.
```

ORDER AND REASONS

Before the Court is defendants' motion to stay this action pending final transfer decision by the Judicial Panel on Multidistrict Litigation. For the reasons that follow, the motion is GRANTED.

**Background**

After working as a firefighter for more than 40 years, David Tibbetts developed bladder cancer, which he attributes to his occupational exposure to certain polyfluoroalkyl substances (PFAS) contained in firefighting agents known as aqueous film-forming foam (AFFF). At least one defendant intends to assert the federal government contractor defense on the ground that, until recently, it and other defendants developed and manufactured for sale to the

1

United States military, civilian airports, and others "MilSpec AFFF" in accordance with the military's rigorous specifications.[1]

Alleging that his November 2020 bladder cancer diagnosis "was due to and a consequence of his exposure to Defendants' Aqueous Fire Fighting Foam ("AFFF") products containing synthetic, toxic, per- and polyfluoroalkyl substances and products[,]" Mr. Tibbetts sued numerous defendants in Civil District Court for the Parish of Orleans, seeking to recover punitive and other damages under theories of strict liability, negligence, and civil conspiracy. Mr. Tibbetts is not alone in challenging harms allegedly caused by AFFF: AFFF manufacturers, their suppliers, and other defendants face numerous product liability actions alleging harms from PFAS in AFFF. Many are proceeding in multi-district litigation in the District of South Carolina, <u>In re Aqueous Film-Forming Foams Products Liability Litigation</u>.

On December 30, 2021, Tyco Fire Products LP and Chemguard, Inc. removed Mr. Tibbetts's lawsuit to this Court, invoking the

---

[1] According to the defendants, the U.S. military developed the highly effective firefighting agent, AFFF, in the 1960s to quickly extinguish liquid fuel fires. Today, it is used on Navy ships and military bases and at larger civilian airports. The chemical components that give AFFF its superior fire-suppression features are various types of fluorinated surfactants, which are part of the large chemical family known as per- and polyfluoroalkyl substances (PFAS) and they contain or can degrade into other PFAS chemicals including perfluorooctanoic acid (PFOA) and perfluorooctaine sulfonic acid (PFOS).

2

federal officer removal statute, 28 U.S.C. § 1442(a)(1). Notably, the removing defendants note that the court currently overseeing the In re Aqueous Film-Forming Foams Products Liability Litigation multi-district litigation has found that removal under § 1442(a)(1) is proper where the notice of removal alleges that the plaintiff's injuries are caused, at least in part, by military grade AFFF.

The JPML established the AFFF MDL in December 2018 to coordinate pretrial proceedings in all then-pending and subsequently filed cases in the federal courts involving allegations of personal injury, property damage, or other harms caused by AFFF. In re Aqueous Film-Forming Foams Prods. Liab. Litig., 357 F. Supp. 3d 1391 (J.P.M.L. 2018). Of the 2,000+ cases comprising the MDL, more than half are lawsuits like Mr. Tibbetts's brought by current or former firefighters alleging personal injuries from exposure to AFFF. Since the MDL was formed three years ago, Judge Richard M. Gergel has ruled on various common issues, including several motions to remand.[2]

On January 5, 2022, the JPML issued a conditional transfer order identifying this case as appropriate for transfer to the In

---

[2] According to the defendants, the parties proceeding in the AFFF MDL are now in the midst of summary judgment briefing on the defendants' government contractor defenses as to injuries allegedly caused by military-grade AFFF.

re Aqueous Film-Forming Foams (AFFF) Products Liability Litigation. The plaintiff has objected to the conditional transfer order; this contested briefing on transfer will be resolved by the JPML.

Typco Fire Products, LP and Chemguard, Inc., the removing defendants in this case, now request a temporary stay of all proceedings in this matter, including the deadline to file responsive pleading and briefing on any motion to remand contemplated by the plaintiff, pending the Judicial Panel on Multidistrict Litigation's ruling on transfer of this case to the MDL pending in the District of South Carolina.

I.

The Court's power to stay litigation is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). In considering whether to exercise its inherent discretion to stay proceedings, the Court "must weigh competing interests and maintain an even balance." Id. Factors courts consider when determining whether to stay an action pending an MDL determination include: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party

4

if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the case is transferred or consolidated.  See La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co., No. 09-235, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009) (Engelhardt, J.); see also Rizk v. DePuy Orthopaedics, Inc., No. 11-2272, 2011 WL 4965498 (E.D. La. Oct. 19, 2011) (Feldman, J.).

The Manual for Complex Litigation instructs that it is often advisable to stay litigation in order to defer to the MDL court for resolution of certain matters, or until the Panel has the opportunity to rule on the issue of transfer.  See Rizk, 2011 WL 4965498, at *2 (citation omitted).  This deference to the MDL court promotes "uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system." Id. (citation omitted).  So, too, here.

A stay is warranted, the defendants submit, because the JPML will likely order transfer (given the plaintiff's express allegation that his injuries arise from his exposure to AFFF) and the JPML is likely to render its decision shortly after its March 31 hearing session (briefing on the plaintiff's motion to vacate the conditional transfer order will close on February 25, 2022). If the case is transferred to the MDL, the transferee court can address any jurisdictional issues the plaintiff raises.  If the

5

JPML denies transfer, this Court can take up these issues. The plaintiff counters that the Court should deny the motion to stay because no hearing date has been set by the MDL Panel to resolve the contested transfer issue, issues of jurisdiction may be considered by this Court prior to any transfer, and the prejudice Mr. Tibbetts faces in terms of the uncertainty of the timing for resolution of transfer outweighs the defendants' interests in uniform decisions as well as this Court's interest in conserving judicial resources.

Like in prior cases awaiting transfer decisions by the MDL Panel, the Court is persuaded that the balance of interests strongly favors a stay: the stay is likely to be relatively brief; it will not prejudice the plaintiff, despite his non-specific protestation of prejudice due to awaiting a ruling from the Panel on his challenge to the conditional transfer order and on a motion to remand that has yet to be filed; it will avoid prejudice to the defendants; and it will conserve judicial resources and ensure consistent rulings on common issues -- issues that have been and are being resolved by the MDL Panel.

Because the balance of factors favors a brief stay of this case pending the Panel's determination as to whether this case should be transferred to the MDL for coordinated pretrial proceedings,

IT IS ORDERED that the defendants' motion to stay proceedings pending transfer to the MDL is GRANTED.  This matter is hereby stayed and administratively closed pending the MDL Panel's determination regarding transfer.

New Orleans, Louisiana, this 27th day of January, 2022

_____
NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT